IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| Joshua Galle, <br><br> Plaintiff, <br><br> v. <br><br> Atrium Health, Inc.,[1] <br><br> Defendant. | Civil Action No. 3:20-cv-00391 <br><br> **ANSWER** |

COMES NOW Defendant the Charlotte Mecklenburg Hospital Authority d/b/a Atrium Health ("Atrium Health" or "Defendant"), by and through its undersigned counsel, and hereby submits its Answer and Defenses to the Complaint of Plaintiff Joshua Galle ("Plaintiff") as follows:

## PARTIES, JURISDICTION & VENUE

1. Defendant lacks sufficient information or knowledge to either admit or deny Paragraph 1 of the Complaint, and therefore, denies same.

2. Defendant admits that it conducts business in Mecklenburg County, North Carolina. Except as specifically admitted herein, Paragraph 2 of the Complaint is denied.

3. Paragraph 3 of the Complaint contains legal conclusions to which no response is required of Defendant. To the extent a response is required, Paragraph 3 is denied.

4. Defendant admits only that Plaintiff disclosed he was a disabled combat veteran in his application for employment and throughout the interview process. Except as specifically admitted herein, Paragraph 4 of the Complaint is denied.

---

[1] The correct defendant entity in this matter is the Charlotte Mecklenburg Hospital Authority d/b/a Atrium Health, which respectfully requests that the correct entity name be substituted in this lawsuit's caption.

5. Defendant admits only that the Uniformed Services Employment and Reemployment Rights Act, 38 U.S.C. § 4301, *et seq.* ("USERRA") and the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq.* ("ADA") speak for themselves. Except as specifically admitted herein, Paragraph 5 of the Complaint is denied.

6. Defendant admits that this Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331. Except as specifically admitted herein, Paragraph 6 of the Complaint is denied.

7. Upon information and belief, Defendant admits that this Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332. Except as specifically admitted herein, Paragraph 7 of the Complaint is denied.

8. Defendant admits that this Court has jurisdiction over the claims asserted in this matter. Except as specifically admitted herein, Paragraph 8 of the Complaint is denied.

## CONDITIONS PRECEDENT

9. Paragraph 9 of the Complaint contains a legal conclusion to which no response is required of Defendant. To the extent a response is required, Paragraph 9 is denied.

## FACTS

10. Defendant admits that Plaintiff applied for a Human Resources Strategic Business Partner position with Atrium Health located in Charlotte, North Carolina and he began interviewing for the position in or around May of 2019. Except as specifically admitted herein, Paragraph 10 of the Complaint is denied.

11. Upon information and belief, admitted.

12. Defendant admits that Plaintiff's application and interview process took approximately three (3) months to complete and consisted of telephone interviews, in-person panel interviews, and a background check. Except as specifically admitted herein, Paragraph 12 of the Complaint is denied.

13. Defendant admits that on or about June 26, 2019, David Atkinson, Vice President of HR Strategy and Transformation for Atrium Health, communicated a conditional offer of employment (to Plaintiff) for the Human Resources Strategic Business Partner position. Except as specifically admitted herein, Paragraph 13 of the Complaint is denied.

14. Defendant admits that Plaintiff responded to Mr. Atkinson's email the following day, on June 27, 2019 and accepted the conditional offer. Except as specifically admitted herein, Paragraph 14 of the Complaint is denied.

15. Defendant admits that Plaintiff's June 27, 2019 email to Mr. Atkinson requested a formalized offer on letterhead so that he could submit his two weeks' notice to Anthem and so that he could begin shopping for a home in Charlotte, North Carolina. Except as specifically admitted herein, Paragraph 15 of the Complaint is denied.

16. Defendant admits that Plaintiff's June 27, 2019 email to Mr. Atkinson asked how soon he could connect with a resource on temporary living options. Except as specifically admitted herein, Paragraph 16 of the Complaint is denied.

17. Defendant admits that on June 28, 2019, Defendant provided Plaintiff with a formal written conditional offer of employment, which noted, among other terms, a starting annual salary of $170,000; eligibility to participate in the Management Annual Incentive Plan (MAIP) at 15% for 2020; a $37,750 sign-on bonus, a relocation stipend of $24,000; and three (3) months of temporary housing, if necessary. Except as specifically admitted herein, Paragraph 17 of the Complaint is denied.

18. Defendant admits only that Plaintiff signed a "Sign-On" Agreement and Relocation Agreement on July 1, 2019. Except as specifically admitted herein, Paragraph 18 of the Complaint is denied.

19. Defendant admits that it anticipated a July 15, 2019 "start date" for Plaintiff, which was noted in the "Sign-On" Agreement and Relocation Agreement signed by Plaintiff on July 1, 2019. Except as specifically admitted herein, Paragraph 19 of the Complaint is denied.

20. Defendant lacks sufficient information or knowledge to either admit or deny Paragraph 20 of the Complaint, and therefore, denies same.

21. Upon information and belief, Defendant admits that Plaintiff exchanged correspondence with an employee of Atrium Health who was assisting Plaintiff with locating temporary housing. Except as specifically admitted herein, Paragraph 21 of the Complaint is denied.

22. Defendant lacks sufficient information or knowledge to either admit or deny Paragraph 22 of the Complaint, and therefore, denies same.

23. Defendant lacks sufficient information or knowledge to either admit or deny the allegations regarding the specific substance of Plaintiff's communications with Ms. Underdown on or about July 9, 2019, and therefore, denies the same. Defendant also denies the remaining allegations contained in Paragraph 23 of the Complaint.

24. Denied.

25. Defendant admits only that David Atkinson contacted Plaintiff on July 11, 2019 to rescind the conditional offer of employment for the Human Resources Strategic Business Partner position. Except as specifically admitted herein, Paragraph 25 of the Complaint is denied.

26. Denied.

27. Defendant lacks sufficient information or knowledge to either admit or deny Paragraph 27 of the Complaint, and therefore, denies same.

28. Denied.

# COUNT I
## VIOLATION OF THE UNIFORMED SERVICEMEMBERS EMPLOYMENT AND REEMPLOYMENT RIGHTS ACT

29. Defendant incorporates by reference herein its responses and defenses to Paragraphs 1-28 of the Complaint.

30. Denied.

31. Denied.

32. Denied.

33. Denied.

34. Denied.

35. Denied.

# COUNT II
## DISABILITY/PERCEIVED DISABILITY DISCRIMINATION/RETALIATION UNDER THE ADAAA

36. Defendant incorporates by reference herein its responses and defenses to Paragraphs 1-35 of the Complaint.

37. Denied.

38. Paragraph 38 of the Complaint contains a legal conclusion to which no response is required of Defendant. To the extent a response is required, Defendant denies Paragraph 38 of the Complaint.

39. Defendant admits only that the ADAAA speaks for itself. Except as specifically admitted herein, Defendant denies Paragraph 39 of the Complaint.

40. Denied.

41. Denied.

42. Denied.

43. Denied.

44. Denied.

45. Denied.

46. Denied.

47. Denied.

## COUNT III
## BREACH OF CONTRACT

48. Defendant incorporates by reference herein its responses and defenses to Paragraphs 1-47 of the Complaint.

49. Denied.

50. Denied.

51. Defendant admits only that Plaintiff's Exhibit A is comprised of Defendant's Conditional Offer of Employment to Plaintiff, an unsigned "Sign-On" Agreement, and an unsigned Relocation Agreement. Except as specifically admitted herein, Paragraph 51 of the Complaint is denied.

52. Denied.

53. Denied.

54. Denied.

55. All allegations not specifically admitted in this Answer are hereby denied.

## PRAYER FOR RELIEF

Defendant denies the allegations set forth in the WHEREFORE paragraphs 1 through 6 contained in the Prayer for Relief on page 7 of the Complaint. Defendant denies any and all liability and further denies that Plaintiff is entitled to any of the relief he seeks.

## AFFIRMATIVE AND OTHER DEFENSES

Having answered the Complaint filed against it, Defendant asserts the following

affirmative and other defenses:

## FIRST DEFENSE

The Complaint, in whole or in part, fails to state a claim upon which relief may be granted.

## SECOND DEFENSE

Defendant specifically incorporates by reference herein its Motion for Partial Dismissal and Memorandum in Support of the same. (*See* Dkt. Nos. 8-9)

## THIRD DEFENSE

Plaintiff's claims are barred, or his damages, if any, should be reduced or eliminated, due to the after-acquired evidence doctrine.

## FOURTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrines of waiver, laches, estoppel, ratification, acquiescence, and/or unclean hands.

## FIFTH DEFENSE

Plaintiff's claims may be barred, in whole or in part, by his failure to comply with the jurisdictional, procedural, and administrative prerequisites for filing this action.

## SIXTH DEFENSE

Insofar as Plaintiff seeks to recover relief for (a) alleged incidents occurring outside of the applicable limitations period for the filing of his Charge of Discrimination with the EEOC; or (b) for alleged incidents of discrimination and/or retaliation not listed in his Charge of Discrimination with the EEOC; or (c) against parties not named in the Charge of Discrimination with the EEOC, Plaintiff may not recover any relief for such incidents of alleged discrimination.

## SEVENTH DEFENSE

Defendant, at all times relevant to this action, acted in good faith and in full compliance

with all applicable laws and duties and had reasonable grounds to believe its acts or omissions complied with the ADA/ADAAA, USERRA, and all other applicable laws.

## EIGHTH DEFENSE

All standards used by Defendant are job related and consistent with business necessity.

## NINTH DEFENSE

Plaintiff's claims are barred to the extent that Plaintiff is not a qualified individual with a disability as defined by federal law.

## TENTH DEFENSE

Plaintiff's claims are barred because Defendant's actions with respect to Plaintiff were taken for legitimate, non-discriminatory, non-retaliatory, and otherwise lawful reasons.

## ELEVENTH DEFENSE

To the extent that any employee or agent engaged in unlawful conduct toward Plaintiff, such conduct was not authorized, ratified, or consented to by Defendant.

## TWELFTH DEFENSE

The conditional offer of employment extended to Plaintiff did not constitute a contract, but rather, was an at-will employment offer that could be terminated at any time, for any reason, or no reason at all.

## THIRTEENTH DEFENSE

To the extent that Plaintiff alleges that he suffered mental or emotional distress, such distress was caused by factors other than Plaintiff's employment, the actions of Defendant, or anyone acting on behalf of Defendant.

## FOURTEENTH DEFENSE

If Plaintiff has been damaged as alleged (which Defendant denies), such damages were

caused by his own acts.

## FIFTEENTH DEFENSE

Plaintiff's claims for punitive, exemplary and/or compensatory damages are subjected to applicable limitations on damages as set forth in the ADAAA, USERRA, and other applicable statutes.

## SIXTEENTH DEFENSE

Plaintiff's Complaint fails to state a claim upon which attorneys' fees or costs can be awarded.

## SEVENTEENTH DEFENSE

One or more of the elements of damages Plaintiff seeks are unconstitutional and/or unavailable.

## EIGHTEENTH DEFENSE

An award of punitive damages would be inappropriate and unconstitutional because Defendant has not engaged in any intentional, willful or malicious conduct towards Plaintiff.

## NINETEENTH DEFENSE

The United States and North Carolina Constitutions bar or limit Plaintiff's claim for punitive damages under the circumstances at issue.

## TWENTIETH DEFENSE

Any alleged violations of any state or federal statute were not willful, wanton, malicious, intentional or reckless.

## TWENTY-FIRST DEFENSE

Defendant reserves the right to assert further defenses should they become known to it during the litigation of this action.

* * *

WHEREFORE, Defendant the Charlotte Mecklenburg Hospital Authority d/b/a Atrium Health respectfully requests this Court to enter an Order: (a) dismissing the Complaint with prejudice; (b) awarding to Defendant its costs and expenses incurred herein, including reasonable attorneys' fees; and (c) granting such other relief as the Court sees just and proper.

| | |
|---|---|
| Dated: August 24, 2020 | */s/Elizabeth H. Pratt*<br>Stephen D. Dellinger, Bar No. 16609<br>sdellinger@littler.com<br>Elizabeth H. Pratt, Bar No. 46132<br>epratt@littler.com<br>LITTLER MENDELSON, P.C.<br>Bank of America Corporate Center<br>100 North Tryon Street, Suite 4150<br>Charlotte, NC  28202<br>Telephone:    704.972.7000<br>Facsimile:     704.333.4005<br><br>*Attorneys for Defendant Atrium Health* |

## CERTIFICATE OF SERVICE

This is to certify that on August 24, 2020, the undersigned filed the foregoing using the Court's CM/ECF system which will send notification of such filing to the following CM/ECF participants in this case.

Matt Vilmer
Abbey M. Krysak
Weaver, Bennett & Bland, P.A.
196 N. Trade Street
Matthews, NC 28105

Thomas L. Dickens, III
Morgan & Morgan, P.A.
20 N. Orange Avenue, Suite 1600
Orlando, FL 32801

*Attorneys for Plaintiffs*

/s/ Elizabeth H. Pratt
Elizabeth H. Pratt