# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
### CHARLOTTE DIVISION
### CIVIL ACTION NO. 3:20-CV-391-RJC-DCK

| | |
|---|---|
| **JOSHUA GALLE,** | |
| **Plaintiff,** | **STIPULATED PROTECTIVE ORDER** |
| **vs.** | |
| **ATRIUM HEALTH, INC.,**[1] | |
| **Defendant.** | |

## I.     PURPOSE AND SCOPE

The purpose of this Stipulated Protective Order ("Order") is to govern the parties' handling

and disclosure of personal and proprietary information during discovery and mediation.  This

Order does not govern testimony at any trial or hearing; nor does this Order govern any tangible

thing that may be offered into evidence at any trial or hearing.  Nothing in this Order should be

read as authority to restrict public access to judicial records, court testimony, matters in evidence,

or to any information relied upon by a court in making its decisions.  Nothing in this Order should

be read as authority to file any document under seal without prior authorization from this Court.

## II.     Need for a Protective Order

In the course of discovery, the parties will request and exchange information and

documents that are or may be of a personal and/or of a proprietary nature, including but not limited

to personnel records, tax returns and financial information, medical records and materials related

to employee benefits, as well as confidential personal or financial information regarding third

parties.  The parties seek to limit the use of the information and documents during discovery and

---

[1] The correct defendant entity in this matter is the Charlotte Mecklenburg Hospital Authority d/b/a Atrium Health, which respectfully requests that the correct entity name be substituted in this lawsuit's caption.

mediation in order to protect themselves from annoyance and potential embarrassment. Accordingly, they have agreed to the entry of this Order to facilitate the production of the information requested and any information that has been or will be produced during discovery and mediation in this case.

### III.    Definition of Confidential Information

1.    "Confidential information" as used herein means any type or classification of information which is designated as "confidential" in the manner specified below, in the good faith belief that such information falls within the scope of Rule 26(c) of the Federal Rules of Civil Procedure and is subject to this Order.  For purposes of this Order, "confidential information" is likely to include proprietary, business, commercial, financial and/or personal information, including but not limited to employee personnel files, pay information, medical records, drug testing documents, workers' compensation files, corporate policies and procedures, trade secrets and other competitively sensitive materials, financial records, actuarial records and reports and information about disabilities, tax returns, retirement benefits, customer information, and other personal or financial information relating to third parties.  "Confidential information" may include documents, information contained in documents, depositions, interrogatory answers, and all other discovery pursuant to the Federal Rules of Civil Procedure, and other information furnished by or on behalf of any party in connection with this litigation that falls within the scope of this Order.

### IV.    Designation of Information as Confidential

2.    The party producing any documents or information subject to this Order shall have the right to use its discretion in designating materials to be confidential information as defined herein. However, the party shall be obligated to designate only documents or information that it believes in good faith to be information within the scope of Rule 26(c) of the Federal Rules of Civil

Procedure.  Moreover, the party shall be obligated to make specific designations to the extent reasonably possible and to avoid overbroad designations.

3.      Any party producing documents may designate such documents and copies thereof as confidential by marking any confidential page as follows: CONFIDENTIAL.  In lieu of placing said legend on the originals of documents, the producing party may legend the copies that are produced.  When producing a multi-page document, all of which it contends is confidential, a party may designate the entire document as confidential by marking the cover page as follows: CONFIDENTIAL.

4.      Information disclosed at the deposition of any party or at the deposition of one of the Defendant's present or former officers, directors, employees or agents, or of independent experts retained by any party for purposes of this litigation may be designated by such party as confidential by indicating on the record at the deposition that the testimony is confidential and subject to the provisions of this Order.  Alternatively, such party may designate information disclosed at such deposition as confidential by notifying all parties in writing, within ten (10) days of receipt of the transcript, of the specific pages and lines of the transcript which are confidential.  Each party shall attach a copy of such written statement to the face of the transcript and each copy thereof in its possession, custody or control.  All depositions shall be treated as confidential for a period of at least ten (10) days after a full and complete transcript of said deposition is available.

### V.      Use of Confidential Information

5.      Confidential information shall be used only for the purpose of these proceedings and shall not be disclosed to any person except the following:

(a)     Counsel for any party, the legal associates, and clerical or other support staff of such counsel assisting in the preparation of this action, and any party, to the extent necessary to prepare this case for this litigation;

(b)     Agents, representatives and employees of any party, as is necessary to prepare this case for litigation;

(c)     Subject to the provisions of Paragraph 6 below, independent experts (who shall not be a party or an employee of a party) employed by counsel for the purpose of assisting in this action;

(d)     A witness who is either the producing party or an employee of the producing party or a former or current employee of the producing party, as is necessary to prepare this case for litigation, and, the court reporter and courtroom personnel at any deposition, pretrial hearing, trial or other proceedings held in connection with this action;

(e)     Subject to the provisions of Paragraphs 7 and 8 below, any court, including this Court, or appellate body which has cause to consider any of the issues raised in this action;

(f)     Jurors and prospective jurors;

(g)     Or any other person or entity to whom this Court orders or allows disclosure after notice and opportunity for hearing.

## VI.     Non-Disclosure of Confidential Information

6.     No person to whom confidential information is disclosed shall disclose such confidential information to any person to whom disclosure is not authorized by the terms of this Order, or make any other disclosure of such confidential information for any purpose whatsoever, commercial or otherwise.  In addition to the other restrictions on disclosure contained herein, the parties agree that no confidential information may be disclosed to any person (including any consultant, expert

or employee of any party) until such person has read and signed a copy of this Order, thereby indicating his or her willingness to be bound by its provisions. The disclosing party shall have the obligation to maintain records identifying all such persons to whom information has been disclosed.

## VII. Sealed Filings

7. Documents, things and/or information, including portions of any transcript, shall not be filed under seal without a specific court order to do so. Any party seeking such an order shall comply with LCvR 6.1 of the Rules of Practice and Procedure of the United States District Court for the Western District of North Carolina.

## VIII. General Provisions

8. Any party may at any time request, in writing, from any Designating Entity the removal of a designation of documents, material, information, or things as "CONFIDENTIAL." Upon receipt of such request, the parties shall confer in good faith as to the status of the subject information. If the parties are unable to agree upon the status of the subject information, any party may, upon reasonable notice to the opposing party's counsel, file a motion with the Court requesting a ruling regarding whether the material or information should be treated as confidential for purposes of this Order. In such instances, the Designating Entity shall bear the burden of establishing that the challenged documents, material, information, or things are entitled to protection under this Order. No party shall be obligated to challenge the propriety of any designation of information as confidential and a failure to do so shall not preclude a subsequent attack on the propriety of such designation.

9. Nothing in this Protective Order constitutes an admission by any party that confidential information disclosed in this case is relevant or admissible. Each party specifically reserves the

right to object to the use or admissibility of all confidential information disclosed, in accordance with applicable law.

10.     At the conclusion of this litigation, the parties will contact the Court to obtain any confidential information in the Court's files so the parties may make appropriate disposition of all confidential information furnished pursuant to the terms of this Order.  At the conclusion of the litigation, the parties agree to return any confidential information to the party providing the confidential information, except transcriptions of depositions taken in the course of this proceeding, or certify that the confidential information has been destroyed.  Counsel for the parties may retain one copy of documents in their file in order to comply with the requirements of the North Carolina State Bar record retention rules.

11.     This Order shall survive the final conclusion of this case and shall continue in full force and effect, and the Court shall retain jurisdiction to enforce this Order.  Within forty-five (45) days after the final conclusion of this case, all designated material shall, upon request of the Designating Entity, be either destroyed or returned to that entity.  Notwithstanding any of the foregoing, the parties' counsel may retain any privileged attorney work product they have created which incorporates designated material on the condition that they will maintain the confidentiality of such material and will not use such materials in contravention of the provisions of this Order.

12.     This Order shall not abrogate or diminish any contractual, statutory or other legal obligation or right of any party or person with respect to the confidential information.  Specifically, this Order shall not require any party to notify or to obtain permission from other parties before introducing materials designated confidential at trial or examining witnesses about materials designated confidential during depositions or at trial, beyond the notice required by the Federal Rules of Civil Procedure, local court rules or order of Court.

13.     Nothing in the foregoing provisions of this Order shall be deemed to preclude any party from seeking and obtaining, on an appropriate showing, such additional protection with respect to confidential information as that party may consider appropriate, including but not limited to moving that certain materials be filed under seal; nor shall any party be precluded from claiming that any matter designated hereunder is not entitled to protection, or is entitled to a more limited form of protection than designated.

### IX.     Clawback and Presumptively Privileged Protocol

The parties further stipulate to protect certain privileged and otherwise protected documents and electronically stored information (collectively, "document" or "documents") against claims of waiver in the event they are produced during the course of this litigation whether pursuant to a Court Order, a parties' discovery request or informal production.

Both parties may be required to produce large volumes of documents and, to comply with discovery deadlines in the case, wish to complete discovery as expeditiously as possible, while preserving and without waiving any evidentiary protections or privileges applicable to the information contained in the documents produced, including as against third parties and other Federal and State proceedings.  Accordingly, the parties hereby stipulate to, and the Court hereby Orders pursuant to Federal Rules of Civil Procedure 502(d) and (e), as follows:

14.     No Waiver by Disclosure.  This order is entered pursuant to Rule 502(d) of the Federal Rules of Evidence. Subject to the provisions of this Order, if a party or subpoenaed nonparty (the "Disclosing Party") discloses information in connection with the pending litigation that the Disclosing Party thereafter claims to be privileged or protected by the attorney-client privilege or work product protection ("Protected Information"), the disclosure of that Protected Information will not constitute or be deemed a waiver or forfeiture - in this or any other federal or state action - of any claim of privilege or work product protection that the Disclosing Party would otherwise

be entitled to assert with respect to the Protected Information and its subject matter.

15.     Notification Requirements; Best Efforts of Receiving Party.  A Disclosing Party must, promptly after discovery of the unintentional disclosure, notify the party receiving the Protected Information ("the Receiving Party"), in writing, that it has disclosed that Protected Information without intending a waiver by the disclosure. Upon such notification, the Receiving Party must, unless it contests the claim of attorney-client privilege or work product protection in accordance with Paragraph 16 - promptly (i) notify the Disclosing Party that it will make best efforts to identify and return, sequester, or destroy (or in the case of electronically stored information, delete) the Protected Information and any reasonably accessible copies it has and (ii) provide a certification that it will cease further review, dissemination, and use of the Protected Information. Within ten business days of receipt of the notification from the Receiving Party the Disclosing Party must explain as specifically as possible why the Protected Information is privileged.

16.     Contesting Claim of Privilege or Work Product Protection.  If the Receiving Party contests the claim of attorney-client privilege or work product protection, the Receiving Party must - within five business days of receipt of the notice of disclosure - move the Court for an Order compelling disclosure of the information claimed as unprotected (a "Disclosure Motion").  The Disclosure Motion must be filed under seal and must not assert as a ground for compelling disclosure the fact or circumstances of the disclosure. Pending resolution of the Disclosure Motion, the Receiving Party must not use the challenged information in any way or disclose it to any person other than those required by law to be served with a copy of the sealed Disclosure Motion.

17.     Stipulated Time Periods.  The parties may stipulate to extend the time periods set forth in Paragraphs 15 and 16.

18.     Attorney's Ethical Responsibilities.  Nothing in this order overrides any attorney's ethical responsibilities to refrain from examining or disclosing materials that the attorney knows or reasonably should know to be privileged and to inform the Disclosing Party that such materials have been produced.

19.     Burden of Proving Privilege or Work-Product Protection.  The Disclosing Party retains the

burden - upon challenge pursuant to Paragraph 17 - of establishing the privileged or protected nature of the Protected Information.

20.     <u>In camera Review</u>.  Nothing in this Order limits the right of any party to petition the Court for an *in camera* review of the Protected Information.

21.     <u>Voluntary and Subject Matter Waiver</u>.  This Order does not preclude a party from voluntarily waiving the attorney-client privilege or work product protection. The provisions of Federal Rule 502(a) apply when the Disclosing Party uses or indicates that it may use information produced under this Order to support a claim or defense.

22.     <u>Review</u>.  Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents, ESI or information (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected information before production. Further nothing contained herein is intended to reduce the time frame provided to the Disclosing Party to complete their review should they choose to do so.

23.     <u>Proportionality</u>.  Nothing contained herein is intended to limit a party's proportionality and burden arguments specifically related to the costs to conduct a review of documents, ESI or information (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected information before production.

24.     <u>Rule 502(b)(2)</u>.  The provisions of Federal Rule of Evidence 502(b)(2) are inapplicable to the production of Protected Information under this Order.

So Stipulated:

September 10, 2020


/s/Abbey M. Krysak _____          /s/Elizabeth H. Pratt
Matt Vilmer                                          Stephen D. Dellinger, Bar No. 16609
mvilmer@wbbatty.com                                  sdellinger@littler.com
Abbey M. Krysak                                      Elizabeth H. Pratt, Bar No. 46132
akrysak@wbbatty.com                                  epratt@littler.com
Weaver, Bennett & Bland, P.A.                        Littler Mendelson, P.C.
196 N. Trade Street                                  Bank of America Corporate Center
Matthews, NC 28105                                   100 North Tryon Street, Suite 4150
Telephone:    704.844.1400                           Charlotte, NC  28202
Facsimile:    704.845.1503                           Telephone:    704.972.7000
                                                     Facsimile:    704.333.4005
Thomas L. Dickens, III
tdickens@forthepeople.com                            *Attorneys for Defendant*
Morgan & Morgan, P.A.
20 N. Orange Avenue, Suite 1600
Orlando, FL 32801
Telephone:    407.420.1414
Facsimile:    407.204.2208

*Attorney for Plaintiff*


**APPROVED AND SO ORDERED**.


Signed: September 10, 2020


_____

David C. Keesler
United States Magistrate Judge