UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:20-cv-00391-RJC-DCK

| | |
|---|---|
| JOSHUA GALLE, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>) **Order**<br>)<br>THE CHARLOTTE-MECKLENBURG )<br>HOSPITAL AUTHORITY )<br>ATRIUM HEALTH, INC. )<br>KORN FERRY HAY GROUP, INC., )<br>)<br>Defendants. )  | |

**THIS MATTER** comes before the Court on Defendant the Charlotte-Mecklenburg Hospital Authority d/b/a Atrium Health's ("Atrium") Motion for Partial Dismissal of the First Amended Complaint (Doc. No. 29), Defendant Korn Ferry Hay Group, Inc.'s ("Korn Ferry") Motion to Set Aside Entry of Default and Motion for Leave to File Motion to Dismiss Out of Time ("Motion to Set Aside Entry of Default") (Doc. No. 40), Korn Ferry's Motion to Dismiss (Doc. No. 44), and the Magistrate Judge's Memorandum and Recommendation ("M&R") (Doc. No. 76). For the reasons stated herein the Court **ADOPTS** the Magistrate Judge's M&R.

I. BACKGROUND

Plaintiff objects that the M&R decided issues of fact in dispute and drew inferences in favor of the Defendants. The Court will complete a de novo review of the facts.

A. Factual Background

Accepting the factual allegations in the Complaint as true, Plaintiff is a "decorated combat veteran" who "suffered a combat related injury during an initial combat tour to Iraq." (Doc. No. 22 ¶ 19). In 2004, he left college a few credits short of obtaining his degree, to enlist in the Marines

after learning two of his friends were killed in action in Iraq. (*Id.*). After being injured, Plaintiff was honorably discharged and reentered civilian life, obtaining civilian employment, and a master level degree. (*Id.* ¶ 20).

In or around April 2019, Plaintiff was living in Milton, Georgia, and was employed by Anthem Blue Cross Blue Shield ("Anthem"). (*Id.* ¶ 22). He was contacted by an agent of Korn Ferry, and was "continuously urged . . . to seek employment" with Atrium. (*Id.* ¶ 21). Plaintiff interviewed for a Human Resources Strategic Partner position with Atrium in Charlotte, North Carolina. (*Id.*). His interview process was "extremely thorough" taking approximately three months to complete, including telephonic and in person interviews and background checks. (*Id.* ¶ 23). During the process, Plaintiff engaged in "copious discussions" relating to his educational background, and his military and work experience. (*Id.*). He also "disclosed that he had a service connected disability, but was not asked to provide details about the disability." (*Id.*).

On June 26, 2019, Plaintiff received a verbal offer for employment with Atrium from David Atkinson, Vice President of HR Strategy and Transformation ("Atkinson"). (*Id.* ¶ 24). The offer was confirmed by an email to Plaintiff, which Plaintiff accepted the same day by email. (*Id.* ¶¶ 24-25). Plaintiff also requested an employment agreement so that he could resign from his role at Anthem. (*Id.* ¶¶ 26-27). As requested, on June 28, 2019, Atrium provided Plaintiff with written terms of his employment, including (1) an employment term of one year; (2) base pay of $170,000; (3) a management incentive plan totaling 15% of his base pay; (4) a relocation stipend of $24,000; (5) a $37,750 sign on bonus; and (6) three months of temporary housing, among other non-monetary compensation terms. (*Id.* ¶ 28). Plaintiff executed various contracts outlining these employment terms on July 1, 2019. (*Id.* ¶ 29).

Plaintiff's start date was July 15, 2019, but he was "required to immediately begin

2

Case 3:20-cv-00391-RJC-DCK   Document 84   Filed 12/08/21   Page 2 of 12

performing tasks for Defendant" before his start date. (*Id.* ¶ 30). Relying on his new employment with Atrium, Plaintiff resigned from Anthem on July 1, 2019, and prepared to move to Charlotte. (*Id.* ¶ 31). On July 9, 2019, Plaintiff corresponded with Ms. Underdown, an Atrium employee assisting him with relocation and temporary housing ("Underdown"). (*Id.* ¶¶ 32-34). Plaintiff informed Underdown that "he was a combat veteran with a service-connected disability, and that he would need to be accommodated with a first-floor apartment due to his disability" as well as a first-floor office or an office accessible without stairs. (*Id.*). After Plaintiff requested these accommodations, Underdown immediately ceased communications with him. (*Id.* ¶¶ 35-36).

On July 11, 2019, Plaintiff was informed by Atkinson that Atrium terminated his employment because he did not hold a degree from an accredited university. (*Id.* ¶¶ 36-37). According to Plaintiff, he did possess the requisite education. (*Id.* ¶ 38). During the conversation, Plaintiff related his termination to his request for an accommodation, which Atkinson denied. (*Id.* ¶ 37). Plaintiff also asked Atkinson during the conversation for a reasonable accommodation, but Atkinson "refused to engage in the interactive process." (*Id.* ¶ 38). Following the conversation, Plaintiff sent an email to Atkinson "urging him to consider his request for a reasonable accommodation and requested consideration for any position given the dire circumstances of his resigning his position" with Anthem, but Atkinson did not reply and Plaintiff was left unemployed. (*Id.* ¶¶ 38, 40).

### B. Procedural Background

Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") on October 31, 2019, and was issued a right-to-sue letter on May 6, 2020. (Doc. No. 22 ¶ 16). Plaintiff filed his Complaint with this Court on July 16, 2020, and filed an Amended Complaint shortly thereafter. (Doc. Nos. 1 & 22). Plaintiff's Amended Complaint

3

brings claims against Atrium for: (1) violation of the Uniformed Servicemembers Employment and Reemployment Rights Act; (2) discrimination and retaliation under the American with Disabilities Act Amendments Act; (3) breach of contract and/or public policy; and (4) negligent misrepresentation.  His Amended Complaint brings claims against Korn Ferry for: (1) breach of contract and/or public policy; and (2) negligent misrepresentation.  (Doc. No. 22).

Atrium responded with an Answer and Motion for Partial Dismissal seeking dismissal of the breach of contract and/or public policy and negligent misrepresentation claims.  (Doc. Nos. 29 & 31).  After failing to respond, on motion, the Clerk of Court issued an Entry of Default against Korn Ferry.  Soon after, Korn Ferry filed its Motion to Set Aside Entry of Default and Motion to Dismiss seeking dismissal of both claims against it.  (Doc. Nos. 40 & 44).  Plaintiff opposed each motion.  (Doc. Nos. 34 & 49).

The Magistrate Judge entered an M&R recommending the Court grant Korn Ferry's Motion To Set Aside Entry Of Default and also grant its Motion to Dismiss.  (Doc. No. 76).  Further, the Magistrate Judge recommended the Court dismiss Plaintiff's negligent misrepresentation claim against Atrium, but not the breach of contract and/or public policy claim.  (*Id.*).  Plaintiff objected to the M&R.  (Doc. No. 77).

## II. STANDARD OF REVIEW

A district court may assign dispositive pretrial matters to a magistrate judge for "proposed findings of fact and recommendations."  28 U.S.C. § 636(b)(1)(B).  The Federal Magistrate Act provides that a district court "shall make a de novo determination of those portions of the report or specific proposed findings or recommendations to which objection is made."  *Id.* § 636(b)(1); *Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

The standard of review for a motion to dismiss under Rule 12(b)(6) for failure to state a claim is well known. Fed. R. Civ. P. 12(b)(6). "A motion to dismiss under Rule 12(b)(6) 'challenges the legal sufficiency of a complaint,' including whether it meets the pleading standard of Rule 8(a)(2)." *Fannie Mae v. Quicksilver LLC*, 155 F. Supp. 3d 535, 542 (M.D.N.C. 2015) (quoting *Francis v. Giacomelli,* 588 F.3d 186, 192 (4th Cir. 2009)). A complaint attacked by a Rule 12(b)(6) motion to dismiss will survive if it contains enough facts "to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Facial plausibility means allegations that allow the court to draw the reasonable inference that defendant is liable for the misconduct alleged. *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 678.

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Specific facts are not necessary; the statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555. Additionally, when ruling on a motion to dismiss, a court must accept as true all of the factual allegations contained in the complaint. *Erickson v. Pardus*, 551 U.S. 89, 93–94 (2007). Nonetheless, a court is not bound to accept as true legal conclusions couched as factual allegations. *Papasan v. Allain*, 478 U.S. 265, 286 (1986). "Courts cannot weigh the facts or assess the evidence at this stage, but a complaint entirely devoid of any facts supporting a given claim cannot proceed." *Potomac Conference Corp. of Seventh-Day Adventists v. Takoma Acad. Alumni Ass'n, Inc.*, 2 F. Supp. 3d 758, 767–68 (D. Md. 2014). Furthermore, the court "should view the complaint in a light most favorable to the plaintiff." *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993).

## III. DISCUSSION

As an initial matter, no party objected to the M&R's recommendation that the Court grant Korn Ferry's Motion To Set Aside Entry Of Default or deny Atrium's request to dismiss Plaintiff's breach of contract claim. This Court has conducted a full review of the M&R and documents of record, and having done so, the Court determines the Magistrate Judge's recommendation with respect to those motions is in accordance with the law and should be adopted. Therefore, Korn Ferry's Motion To Set Aside Entry Of Default will be granted and Atrium's Motion to Dismiss Plaintiff's breach of contract claim will be denied.

Plaintiff objects to the M&R, arguing the M&R incorrectly concluded there are insufficient factual allegations to support a claim for negligent misrepresentation against Atrium and Korn Ferry, the M&R improperly determined there was no contract between Plaintiff and Korn Ferry, and the M&R decided issues of fact in dispute and drew inferences in favor of the Defendants. (Doc. No. 77).

### A. Negligent Misrepresentation

North Carolina has adopted the definition of negligent misrepresentation set forth in the Restatement (Second) of Torts under which:

> [o]ne who, in the course of his business, profession or employment, or in any other transaction in which he has a pecuniary interest, supplies false information for the guidance of others in their business transactions, is subject to liability for pecuniary loss caused to them by their justifiable reliance upon the information, if he fails to exercise reasonable care or competence in obtaining or communicating the information.

*Lamb v. Styles*, 824 S.E.2d 170, 177 (N.C. Ct. App. 2019) (quoting Restatement (Second) of Torts § 552 (1977)). Thus, the tort of negligent misrepresentation occurs when (1) a party justifiably relies, (2) to his detriment, (3) on information prepared without reasonable care, (4) by one who owed the relying party a duty of care. *Simms v. Prudential Life Ins. Co. of Am.*, 537 S.E.2d 237,

6

240 (N.C. Ct. App. 2000); *Supplee v. Miller-Motte Business College, Inc.*, 768 S.E.2d 582, 600 (N.C. Ct. App. 2015); *T.W.T. Distributing, Inc. v. Johnson Products Co., Inc.*, 966 F. Supp. 2d 576, 582 (W.D.N.C. 2013).

Under North Carolina law, "an action in tort must be grounded on a violation of a duty imposed by operation of law, and the right invaded must be one that the law provides without regard to the contractual relationship of the parties, rather than one based on an agreement between the parties." *Supplee*, 768 S.E.2d at 600; *Rountree v. Chowan County*, 796 S.E.2d 827, 831 (N.C. Ct. App. 2017). In other words, negligent misrepresentation claims relying on a breach of contract fail "because a breach of contract does not give rise to a tort action," rather, an independent duty imposed by operation of law gives rise to a tort action. *Rountree*, 796 S.E.2d at 831.

The Magistrate Judge concluded Plaintiff failed to allege sufficient facts to support a claim for negligent misrepresentation, including failing to plead what, if any, alleged false information was provided to Plaintiff by either Defendant. (Doc. 76 at 12-13). Plaintiff argues that the false information "supplied to Plaintiff throughout the negotiation and the offer of employment was that Plaintiff satisfied the education requirement" and that the Amended Complaint "made this contention abundantly clear" by asserting that during negotiations the parties engaged in "copious discussions regarding *educational background*." (Doc. 77 at 5, 10) (emphasis in original). Additionally, Plaintiff points to a sentence in the Amended Complaint which states Korn Ferry "made continuous representations on behalf of Defendant Charlotte-Mecklenburg Hospital Authority relating to Galle's position with Defendant." (*Id.* at 9). He argues, based on these allegations, it is reasonable to infer that "Plaintiff was prompted to continue forward with the process through the negligent misrepresentation of the Defendants." (*Id.* at 10-11).

7

The Court agrees that Plaintiff failed to plead facts sufficient to support a claim for negligent misrepresentation against either Defendant.[1] The Amended Complaint does not contain any factual allegations that either Defendant actually made misrepresentations to Plaintiff that he satisfied the educational requirement for the Atrium Human Resources Strategic Partner position, and does not otherwise allege any misrepresentations made to Plaintiff. The fact that Plaintiff's educational background was discussed during his job interviews is insufficient to plead that false statements or misrepresentations were actually made to him about whether he satisfied the educational requirements. Particularly in light of the fact that the misrepresentation Plaintiff alleges in his briefing is different than the conclusory misrepresentation stated in the negligent misrepresentation Count IV section of the Complaint that Plaintiff "would be compensated for his services performed pursuant to the agreements and on Defendants' behalf," which sounds to the tune of a breach of contract claim. (Doc. No. 22 ¶ 74). Therefore, the Court will adopt the Magistrate Judge's recommendation to dismiss the negligent misrepresentation claim against both Defendants.

---

[1] The parties disagree about whether a claim for negligent misrepresentation is subject to the heightened pleading standard under Rule 9 of the Federal Rules of Civil Procedure. Plaintiff cites to a Fourth Circuit case concluding a heightened pleading standard is not required for a negligent misrepresentation claim under similar Maryland law. *Baltimore County v. Cigna Healthcare*, 238 Fed. App'x 914, 921 (4th Cir. 2007) ("In evaluating whether a cause of action must be pled with particularly, a court should examine whether the claim requires an essential showing of fraud."); *see also Smith v. Nationstar Mortgage, LLC*, No. 2:15-cv-0888-RMG, 2015 WL 13759742, at *3 (D.S.C. Aug. 3, 2015). And Defendants cite to district court cases from this circuit applying a heightened pleading standard under Rule 9 for negligent misrepresentation claims under North Carolina law. *Topshelf Management, Inc. v. Campbell-Ewald Co.*, 117 F. Supp. 3d 722, 727-28 (M.D.N.C. 2015) (noting *Baltimore County* is unpublished and non-precedential and that "multiple courts have continued to apply a heighted pleading requirement to North Carolina negligent misrepresentation claims."). However, the Court need not delve into this issue here because under either the usual or heightened pleading standard the Court concludes the Amended Complaint fails to state a claim against either Defendant for which relief may be granted.

Plaintiff's objection also appears to request, by way of a sentence and footnote, leave to amend his Complaint to plead additional facts learned during discovery in support of his negligent misrepresentation claim. (Doc. No. 77 at 6-7). Plaintiff has not filed a motion for leave to amend the complaint despite Local Rule 7.1(C)(2), which provides that motions cannot be contained in a responsive brief and instead must be filed as separate pleadings. Plaintiff has already been afforded leave to amend the complaint once, more than a year ago. Plaintiff had over eight months to file a motion for leave to amend the complaint before a recommendation was made on the motions to dismiss. Only after the Magistrate Judge completed an analysis of the claims against each Defendant and recommended dismissal of Plaintiff's negligent misrepresentation claim did he seek to amend the Complaint. Plaintiff's request to amend in his objection is in contravention of the Court's Local Rules and an attempt to circumvent the recommendation of the Magistrate Judge regarding the disposition of the Defendants' motions to dismiss. "To allow the Plaintiffs to amend their Complaint at this stage of the proceedings, after the Magistrate Judge has issued a formal recommendation regarding the disposition of a dispositive motion, would not only prejudice the Defendants, who have expended the time and expense of fully briefing a motion to dismiss; it would encourage dilatory practices on the part of plaintiffs in delaying motions for leave to amend until after they have the benefit of a Magistrate Judge's opinion." *Outer Banks Beach Club Ass'n, Inc. v. Festiva Resorts Adventure Club Member's Ass'n, Inc.*, No. 1:11cv246, 2012 WL 4321327, at *3-4 (W.D.N.C. Sept. 20, 2012).

Additionally, Plaintiff's objection did not contain a proposed amended complaint nor does his objection state specifically what misrepresentations were made to the Plaintiff. Instead, the objection argues that the misrepresentations were the continued negotiations and a contingent offer of employment for the Human Resources Strategic Partner position despite knowing his

9

educational credentials. *Estrella v. Wells Fargo Bank, N.A.*, 497 Fed. App'x 361, 362 (4th Cir. 20120) (concluding district court did not abuse its discretion in declining to allow amendment of complaint that was never properly made but raised only in opposition to a motion to dismiss and did not include any proposed amended complaint or other indication of the amendments to be made). Accordingly, Plaintiff's request in his objection to amend the negligent misrepresentation claim is denied.

### B. Breach of Contract and/or Public Policy Against Korn Ferry

Plaintiff also objects to the Magistrate Judge's recommendation to dismiss the breach of contract and/or public policy claim against Korn Ferry. Under North Carolina law, "[t]he elements of a claim for breach of contract are (1) existence of a valid contract and (2) breach of the terms of that contract." *Poor v. Hill*, 530 S.E.2d 838, 845 (N.C. Ct. App. 2000). A valid contract requires offer, acceptance, consideration, and mutuality of assent of terms that are sufficiently definite to enable a court to enforce them. *Triad Packaging, Inc. v. SupplyONE, Inc.*, 925 F. Supp. 2d 774, 789 (W.D.N.C. 2013); *Cole v. Champion Enters.*, 496 F. Supp. 2d 613, 621 (M.D.N.C. 2007). To state a claim for breach of contract, plaintiff must allege a contractual obligation that has not been fulfilled by defendant. *Tasz, Inc. v. Indus. Thermo Polymers, Ltd.*, 80 F. Supp. 3d 671, 681 (W.D.N.C. 2015). North Carolina recognizes three exceptions to the presumption that an employment relationship is "at will" and an employee can be terminated at any time for any reason, which are: (1) employment pursuant to a contract for a definite term of employment; (2) termination for wrongful reasons, such as discrimination based upon age, sex, race, or disability; and (3) violation of public policy. *Salter v. E & J Healthcare, Inc.*, 575 S.E.2d 46, 51 (N.C. Ct. App. 2003).

10

Here, Plaintiff's Amended Complaint does not allege facts sufficient to identify a contract between Plaintiff and Korn Ferry for a breach of contract claim. While the Amended Complaint sets forth details of a potential contract with Defendant Atrium, it lacks any facts, as opposed to mere conclusory allegations, indicating that any contract or agreement existed between Plaintiff and Korn Ferry. Similarly, the Amended Complaint does not plead any facts from which the Court could even infer Plaintiff was an employee of Korn Ferry for purposes of a breach of public policy claim. Rather, it alleges Korn Ferry urged Plaintiff to apply for a position with Atrium, and then assisted with the negotiation and interview process for the Human Resources Strategic Partner position.

Plaintiff argues Korn Ferry is somehow subject to a claim for breach of contract or public policy because it was an agent of Atrium. However, under an agency theory, a principal may be held liable for the actions of its agents. *Matthews v. Food Lion, LLC*, 695 S.E.2d 828, 830-31 (N.C. Ct. App. 2010). Plaintiff alleges Korn Ferry was Atrium's agent, in which case its actions would be imputed to Atrium, not the other way around. Therefore, the Court agrees Plaintiff's claim for breach of contract and/or public policy against Korn Ferry should be dismissed.

## IV. CONCLUSION

**IT IS, THEREFORE, ORDERED** that:

1. The Magistrate Judge's M&R (Doc. No. 76) is **ADOPTED**; and
2. Defendant The Charlotte Mecklenburg Hospital Authority D/B/A Atrium Health's Motion For Partial Dismissal Of The First Amended Complaint (Document No. 29) is **GRANTED in part** and **DENIED in part**. Specifically, Atrium's motion to dismiss Plaintiff's Count III breach of contract claim is **DENIED** as to Atrium, and Atrium's motion to dismiss Plaintiff's Count IV negligent misrepresentation claim

11

Case 3:20-cv-00391-RJC-DCK   Document 84   Filed 12/08/21   Page 11 of 12

  is **GRANTED**.

3. Defendant Korn Ferry's Motion To Set Aside Entry Of Default And Motion For Leave To Dismiss Out Of Time (Doc. No. 40) is **GRANTED**; and

4. Defendant Korn Ferry's Motion To Dismiss (Doc. No. 44) is **GRANTED.**

Signed: December 8, 2021

Robert J. Conrad, Jr.
United States District Judge