UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:20-cv-00391-RJC-DCK

| | |
|---|---|
| JOSHUA GALLE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | )   <u>Order</u> |
| THE CHARLOTTE-MECKLENBURG | ) |
| HOSPITAL AUTHORITY, *doing business as* | ) |
| ATRIUM HEALTH, INC., | ) |
| | ) |
| Defendant. | ) |

**THIS MATTER** is before the Court on Atrium Health's Bill of Costs (Doc. No. 101) and Joshua Galle's objection to it (Doc. No. 102). For the reasons below, Galle's objection is **SUSTAINED**, and the costs claimed by Atrium Health are **DISALLOWED**.

I. BACKGROUND

Joshua Galle, a disabled veteran, sued Atrium Health for employment discrimination. Am. Compl. ¶ 4, Doc. No. 22. He asserted claims under two federal statutes: the Uniformed Services Employment and Reemployment Rights Act (USERRA) and the Americans with Disabilities Act. *Id.* ¶¶ 42–60. He also brought state-law claims for violations of public policy, breach of contract, and negligent misrepresentation. *Id.* ¶¶ 61–77. The Court dismissed the negligent-misrepresentation claim, Doc. No. 84, and entered summary judgment on the others in Atrium Health's favor, Doc. No. 99.

Atrium Health then filed a Bill of Costs. Doc. No. 101. It seeks reimbursement for $7,861.00 of deposition-related expenses. Pratt Decl. ¶¶ 6–7, Doc. No. 101-1. It spent $5,271.16 to take Galle's deposition, and it spent $2,589.84 to obtain transcripts of the depositions noticed by Galle. *Id.* ¶ 6.

Galle objects to the Bill of Costs. Doc. No. 102. He argues that USERRA shields him from liability for the costs claimed by Atrium Health. Pl.'s Obj. 1–2, Doc. No. 102; *see* 38 U.S.C. § 4323(h)(1) (stating that "[n]o fees or court costs may be charged or taxed against any person claiming rights under" USERRA).

## II. DISCUSSION

The Bill of Costs presents a straightforward question of statutory interpretation. In "all cases involving statutory interpretation," courts "begin" with "the text of the governing statute." *United States v. Muhammad*, 16 F.4th 126, 128 (4th Cir. 2021) (citing *Snyder's-Lance, Inc. v. Frito-Lay N. Am., Inc.*, 991 F.3d 512, 516 (4th Cir. 2021)). When statutory text is "plain," the "sole function of the courts—at least where the disposition required by the text is not absurd—is to enforce it according to its terms." *Id.* (quoting *United States v. Wayda*, 966 F.3d 294, 303 (4th Cir. 2020)). In interpreting a statute, the text is given its "ordinary, contemporary, common meaning." *Star Athletica, L.L.C. v. Varsity Brands, Inc.*, 580 U.S. 405, 414 (2017) (quoting *Walters v. Metro. Educ. Enters., Inc.*, 519 U.S. 202, 207 (1997)).

Noting no exceptions or restrictions, USERRA's statutory text states that "[n]o fees or court costs may be charged or taxed against any person claiming rights under" the statute. 38 U.S.C. § 4323(h)(1). Here, Galle claimed that Atrium Health violated his rights under USERRA, and he asserted an employment-discrimination claim under the statute. Am. Compl. ¶¶ 42–48. He thus "claim[ed] rights under" USERRA. § 4323(h)(1). Therefore, according to the plain text of § 4323(h)(1), "[n]o fees or court costs may be charged or taxed against" him. *Id.*

Even if Atrium Health could recover costs that are unrelated to Galle's USERRA claim, *see Duncan v. Tyco Fire Products, LP*, 2018 WL 11309912, at *1–2 (N.D. Ala. Aug. 21, 2018), Atrium Health did not itemize or isolate its USERRA-related costs. So it has given the Court no principled way to separate unrecoverable USERRA-related costs from other recoverable costs. *See*

*id.* at *1 ("The party seeking costs has the burden of submitting a request that enables the court to make a properly informed decision regarding their appropriateness." (quoting *McLane v. Ethicon Endo-Surgery, Inc.*, 2014 WL 12629780, at *1 (M.D. Fla. June 13, 2014))).[1]

### III. CONCLUSION

**IT IS, THEREFORE, ORDERED** that Galle's objection to Atrium Health's Bill of Costs (Doc. No. 102) is **SUSTAINED**. The costs claimed by Atrium Health (Doc. No. 101) are **DISALLOWED**.

Signed: August 22, 2023

Robert J. Conrad, Jr.
United States District Judge

---

[1] Atrium Health also does not allege that Galle asserted his USERRA claim in bad faith or merely to insulate himself from liability for litigation costs.